*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AMANDA JENISE HARDY,

        Defendant-Appellant.

UNPUBLISHED
November 26, 2019

No. 339236
Wayne Circuit Court
LC No. 17-002020-01-FH

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

LETICA, J. (*concurring*).

        I concur in the result only. Although I disagree that this issue was preserved below, review under the plain-error standard does not change the outcome. Despite the prosecutor's knowledge of defense counsel's earlier alleged statement[1] and her skepticism of defendant's adamant denial, injecting prosecutorial testimony was improper and warrants reversal in this case. *People v Christensen*, 64 Mich App 23, 28-29; 235 NW2d 50 (1975) (a prosecutor engages in misconduct when the prosecutor injects personal knowledge into the proceedings through testimonial questioning); *People v Brocato*, 17 Mich App 277, 295; 169 NW2d 483 (1969) (same).

                                                /s/ Anica Letica

---

[1] Defense counsel's redirect questioning indicates that defendant never consulted with counsel for such a purpose, but defense counsel's appellate brief now appears to admit the statement was made, albeit during plea negotiations.